Alexis Galindo (State Bar No. 136643)
  *agalindo@cgsattys.com*
Maximiliano Galindo (State Bar No. 328187)
  *mgalindo@cgsattys.com*
**CURD GALINDO & SMITH LLP**
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone: (562) 624-1177
Facsimile:   (562) 624-1178

<u>Attorneys for Plaintiff</u>
SHEILA STEWART, RENA LYDELL NAULLS through his Successor in Interest
SHEILA STEWART and RENA NAULLS, Jr.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA STEWART, RENA LYDELL NAULLS, Jr., and RENA LYDELL NAULLS, DECEASED, through his Successor in Interest, SHEILA STEWART, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES,** |
| v. | |
| COUNTY of LOS ANGELES, Capt. B. TOLMASOFF, Capt R.  MARCHELLO, Sgt. SPEARS, SGT RIVERA,  DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW,( and DOES 1 through 10 | |
| Defendants. | |

Plaintiffs, by and through their attorneys CURD, GALINDO & SMITH LLP, for their Complaint against Defendants, state as follows:

## JURISDICTION AND VENUE

1.      This is a civil rights action arising from Defendants' deliberate indifference resulting in the death of Rena Naulls, on February 2, 2025, in Los Angeles, COUNTY OF LOS ANGELES, California.  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.  Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.  The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

2.      Venue is proper in this Court under 28 USC §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, which is in the Central District of California.

## PARTIES AND PROCEDURE

3.      Plaintiff SHEILA STEWART is an adult who brings these claims individually as the biological mother of decedent, and as Successor in Interest for her

son, RENA LYDELL NAULLS, Deceased, pursuant to California Code of Civil Procedure §§ 377.10 et seq. Attached hereto as **Exhibit A,** is the Statement of Compliance with CCP §§ 377.32. SHEILA STEWART is a resident of California and is entitled to bring these claims individually pursuant to California Code of Civil Procedure §§ 377.30 et seq., 377.60, and federal civil rights law.

4.    Plaintiff RENA LYDELL NAULLS, Jr., is an adult, and the biological child of decedent, RENA NAULLS, and brings these claims individually pursuant to C.C.P. § 377.60 and federal civil rights law.

5.    Plaintiffs herein bring these claims pursuant to California Code of Civil Procedure sections 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions. All Plaintiffs bring their claims individually, and Plaintiff SHEILA STEWART, as the mother of decedent who received financial/economic support from, RENA NAULLS, brings claims for wrongful death, and survival claims, on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law, and California law. These claims are also brought individually and on behalf of RENA NAULLS, Deceased, on the basis of the 42 USC §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law.

6.    Defendant COUNTY OF LOS ANGELES ("COUNTY") is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the COUNTY OF LOS ANGELES

SHERIFF'S DEPARTMENT ("LASD"), a public agency subject to suit, which employs other defendants in this action and the Los Angeles Health Department.

7.     Defendant Captain B. TOLMASOFF was at the time of the wrongdoing alleged hereinafter the supervisor of the Men's Central Jail (MCJ) and was delegated the duties for training, supervision of the custody Sheriff deputies and the Jail Mental Evaluation Teams (JMET) which addresses the needs of mentally ill inmates within the custody of the Los Angeles County Sheriff's Department.

8.     At the time of the incident, Defendants Captain R. MARCHELLO and SGT. SPEARS, SGT RIVERA,  DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW were all employess of the COUNTY of LOS ANGELES.  Captain R. MARCHELLO at the time of the wrongdoing alleged hereinafter the operations manager of MCJ and was delegated the duties for training, supervision of the custody Sheriff deputies at MCJ. MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW were health care professionals employed by the COUNTY of LOS ANGELES.

9.     At all times, Defendants COUNTY OF LOS ANGELES and LASD, and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the LASD, including

those individuals charged with protecting the health and safety of detainees and

arrestees at COUNTY OF LOS ANGELES detention facilities, including Plaintiff

RENA NAULLS, Deceased, through his Successor in Interest, SHEILA STEWART,

and to assure that said actions, policies, rules, regulations, practices and procedures of

the LASD and its employees and agents comply with the laws and constitutions of the

United States and of the State of California.

10.    At all times mentioned herein, Defendants MARCHELLO,

TOLMASOFF and DOES 1 through 20, inclusive, were residents within the County

of Los Angeles, State of California.

11.    Plaintiffs are informed and believe, and thereupon allege, that at all

times mentioned herein Defendants MARCHELLO, TOLMASOFF and DOES 1

through 20, inclusive, were employees, agents and/or servants of the COUNTY OF

LOS ANGELES, acted within the course and scope of said employment, agency

and/or service, and possessed the power and authority and were charged by law with

the responsibility to enact policies and to prescribe rules and practices concerning the

operation of the COUNTY OF LOS ANGELES detention facilities, including Men's

Central Jail and the Inmate Reception Center, and concerning the means by which the

life and safety of arrestees and detainees were to be secured, what criteria were to be

used for placing arrestees and detainees together in custody, what methods of

placement of an arrestee or detainee in a jail cell were appropriate to safeguard the

life and safety of the arrestee or detainee, the manner in which threats to the life and

safety of an arrestee or detainee were to be evaluated and acted upon, what safeguards were to be in place to prevent inmates, arrestees or detainees who posed a threat to themselves or others in the facility from being permitted physical access to material items or those others, what actions were to be taken when an arrestee or detainee is attacked or injured while incarcerated within a COUNTY detention facility, and what methods of surveillance were to be used within each detention facility to ensure immediate response to and prevention of incidents of violence occurring within jail cells, including holding cells.

12.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named defendants, is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or deprivation of rights hereinafter alleged. Plaintiffs will seek leave of Court to amend this Complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

13.     The reason why Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES, inclusive, is that the same have been unascertainable as of the date of filing of this complaint, as many of these DOES may be LASD deputies, custody assistants, sergeants, captains, lieutenants, commanders,

deputy chiefs, and/or civilian employee agents, policy makers and representatives of the LASD, or employees, agents and representatives of defendant COUNTY and others, and as such many of their records are protected by state statute and can only reasonably be ascertained through the discovery process.

14.     Defendants DOES 1 through 20 are LASD Deputy Sheriffs and/or LASD civilian employees and or medical/mental health professionals at all material times were employed as law enforcement officers or civilian medical/mental health employees by Defendant COUNTY OF LOS ANGELES and were acting within the course and scope of that employment.  Defendants DOES 1 through 20 are being sued in their individual capacity.

15.     Defendants Sheriff Deputies/custody assistants DOE 1 through DOE 20 at all material times were employed as law enforcement officers or civilian employees by Defendant COUNTY OF LOS ANGELES and were acting within the course and scope of that employment.

16.     Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

17.     Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

18.     The acts and omissions of all Doe Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the COUNTY OF LOS ANGELES.

19.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

20.     This complaint may be pled according to evidence later proven at trial and in the alternative pursuant to FRCivP 8(e)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.     Pursuant to California Government Code § 910, Plaintiffs presented to defendant County of Los Angeles appropriate claims for damages. Either the claims

were denied or more than 45 days have elapsed since the filing of the claims. This

action was filed timely and denied on May 28, 2025

## FACTS

**A.  General Allegations Regarding Policy and Practice**

22.    Defendants COUNTY and LASD, and County health care employees

failed to act with due care or acted with deliberate indifference, gross negligence, and

reckless disregard to the safety, security, and constitutional and statutory rights of

Plaintiff RENA NAULLS, Deceased, through his Successor in Interest, SHEILA

STEWART, RENA L. NAULLS, Jr and all persons similarly situated, maintained,

enforced, tolerated, permitted, acquiesced in, and applied policies or practices of,

among other things:

a.  Failing to provide adequate medical care.

b.  Selecting, retaining, and assigning deputies, civilian personnel and

civilian volunteers to their jails who exhibit deliberate indifference and reckless

disregard for the safety, security and constitutional and statutory rights of detainees,

arrestees and inmates;

c.  Failing to take adequate security measures to protect detainees,

arrestees and inmate from unnecessary harm, including but not limited to, the

following: Separation of detainees and arrestees from potentially violent or dangerous

inmates; use of security cameras to monitor violence within jail cells, including

holding cells; training deputies, civilian personnel and civilian volunteers to monitor

detainees and inmates and immediately respond to acts of violence, or threats of violence; separating and/or closely monitoring mentally ill inmates who are unable to care for themselves and pose an imminent threat to themselves and/or others; recognizing potentially volatile situations and circumstances that are likely to erupt into violence.

d.  Failing to adequately train, supervise, and control deputies, civilian employees or volunteers in the arts of law enforcement;

e.  Failing to adequately discipline deputies or civilian employees involved in misconduct; and

f.  Condoning and encouraging deputies and civilian employees in the belief that they can violate the rights of persons such as the Plaintiff, RENA NAULLS, in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

23.    Plaintiffs are informed and believe, and on the basis of such information and belief alleges, that defendants COUNTY and LASD ordered, authorized, acquiesced in, tolerated, or permitted other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs set forth in the preceding paragraphs. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' negligence, deliberate indifference, gross negligence, or reckless

disregard to the safety, security, and constitutional and statutory rights of Plaintiff, RENA NAULLS, deceased, and others similarly situated.

**B. The Incident**

24.     Decedent, RENA NAULLS, was arrested at home and booked on a parole violation on February 21, 2024, under booking number 6764469, and booked into County of Los Angeles Sheriff Department Jail located at 441 Bauchet St., Los Angeles, California 90012 where he was held as a pre-trial detainee.  Immediately prior to his arrest, RENA NAULLS cut his own neck at home in front of family members.  Arresting officers saw NAULLS wounds and reported the act of self harm to LASD Deputies at Classification.  RENA NAULLS entered through IRC where he was classified as having a special handle and classification for MENTAL status and SUICIDE status, as a protected mentally ill patient, sub-classified as "M, S, P", and placed on suicide watch based on his act of self harm at the time of his arrest. Decedent, RENA NAULLS, was housed at the mental health facility, Twin Tower Correctional Facility (TTCF) for the mentally ill and placed on suicide watch. Based on information and belief, Plaintiffs contend that on or about February 2, 2025, the County of Los Angeles and its employees failed to protect Decedent, RENA NAULLS, who was found unresponsive, laying face down in his cell in a pool of blood, with large cut on his neck.

25.     On information and belief, Plaintiffs allege that on or about November 8, 2024, Defendant DOE 1 reclassified Decedent, causing him to be moved from Twin

Towers (where Decedent was under mental health observation), to general population in Men's Central Jail (where he was no longer under mental health observation), which posed a significant risk of death or severe bodily injury to Decedent, given his known history of suicide attempts and documented mental health history.  DOE 1 forwarded Decedent NAULLS' new classification information to the Population Management Bureau and Classification Unit as DOE 1 knew that reclassifying Decedent would affect his housing location.  On information and belief, Plaintiffs allege that on November 8, 2024, DOE 2 reassigned Decedent's housing which caused Decedent to be moved from Twin Towers, mental health observation, to Men's Central Jail, where regular inmates are housed, which posed a significant risk of death or severe bodily injury, given Decedents known history of suicide attempts and mental health.

26.    On information and belief, Plaintiffs allege that on or about November 9, 2024, decedent, RENA NAULLS,  was moved from the mental health facility, Twin Tower Correctional Facility to Men's Central Jail, where he was not monitored as a mental health inmate, and not provided adequate protection as a mentally ill inmate who could not protect himself and had a history of suicide attempts.

27.    Based on information and belief Plaintiffs thereon allege that on February 2, 2025, DOES 3 and 4 provided Decedent access to a sharp object, even though Decedent had a documented history of suicide attempts.  As a result, Decedent was able to carry out a suicide while in custody on suicide protocol, as

deputies either watched on closed circuit television or were not paying attention to Decedent as they are required to do. As a result, RENA NAULLS suffered a fatal neck wound and died in his cell at Men's Central Jail.

28.     Plaintiffs, based on information and belief, allege that Defendants COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, LOS ANGELES COUNTY Mental Health care employees, TOLMASOFF, MARCHELLO, an Sgt. SPEARS, SGT RIVERA,  DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW  DOES 1 through 10, acted negligently, acted with deliberate indifference and violated the Plaintiffs' civil rights and constitutional rights which led to decedent's wrongful death.

29.     Defendants COUNTY OF LOS ANGELES and its employees, LASD employees, TOLMASOFF, MARCHELLO, Sgt. SPEARS, SGT RIVERA, DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW and DOES 1 through 20, while in the course and scope of their employment as deputy sheriffs, supervisors, custody assistants or classification officers for the COUNTY OF LOS ANGELES, also acted with negligence when they improperly classified RENA NAULLS for housing at Men's Central Jail and special classification and failed to protect him while in custody.

30.    Plaintiffs, based on information and belief, allege that COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, TOLMASOFF, MARCHELLO, Sgt. SPEARS, SGT RIVERA, DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW and DOES 1 through 20, knew or should have known that RENA NAULLS, who is mentally ill would be subjected to extreme risk of death or great bodily injury if not protected, monitored and observed while in general population at Men's Central Jail. RENA NAULLS was mentally ill, which defendant Los Angeles County Men's Central Jail employees knew when he was booked into the Inmate Reception Center, as NAULLS had attempted suicide immediately prior to his arrest by LASD deputies, and evaluated as mentally ill and classified for housing a Twin Towers Correctional Facility.

31.    Plaintiffs, based on information and belief, allege that COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, TOLMASOFF, MARCEHLLO, Sgt. SPEARS, SGT RIVERA, DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW DOES 1 through 20, knew or should have known that if left unsupervised, unprotected, and placed in general population in Men's

Central Jail without monitoring or mental health observation, RENA NAULLS, would be subjected to extreme risk of death or great bodily injury.

32.    Prior to February 2, 2025 and during the time of the suicide of Decedent, RENA NAULLS, supervisors of Defendant Los Angeles County Sheriff's Department were aware of the existence of the improper safety checks performed by the deputies and the unconstitutional practices of the deputies within the Men's Central Jail. Defendant County of Los Angeles had a duty to adequately train, supervise, and control its officers to prevent deaths of the inmates, especially those on suicide protocol.  Defendant County of Los Angeles Mental Health Doe Defendant providers failed to properly treat and protect Decedent.

33.    Plaintiffs allege, on information and belief, that each of the Defendants sued herein was wrongfully, deliberately indifferently, unreasonably, negligently, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs and/or Decedent.  Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including both the individually named and DOE Defendants.

34.    A timely tort claim was presented on April 23, 2025, to the COUNTY OF LOS ANGELES on behalf of Plaintiffs and Decedent, pursuant to Government Code § 910 et seq.  The original claim was rejected and this action was thereafter timely filed within all applicable statutes of limitation regarding the state claims.

35.    Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain adequate training, supervision and staffing with deliberate indifference to Plaintiffs' rights, by failing to maintain proper and adequate policies, procedures and protocols, by failing to ensure Decedent was given effective medical and mental health care, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

36.    Defendants, COUNTY OF LOS ANGELES, Command Staff, Detention Supervisory officers and corrections staff DOES 5 through 10, failed to adopt, implement, train and maintain policies and practices of accurately housing mentally ill inmates and protecting them inmates that are known to cause death or great bodily injury to mentally ill inmates.

37.    When booked into Inmate Reception Center and housed at Twin Towers, RENA NAULLS was evaluated by Jail Mental Evaluation Team.  He was treated for mental health issues and  RENA LYDEL NAULLS was diagnosed with a mental illness and disability and medical impairments that limited and/or substantially limited his mental, medical, or physical health condition as defined under the ADA,

42 U.S.C. § 12131 (2), and under Section 504 of the Rehabilitation Act ("RA") of 1973, 29 U.S.C. § 794, 28 C.F.R. 42.540 (k); as such, RENA LYDEL NAULLS qualified as an individual with a mental and physical disability under California law and RENA LYDEL NAULLS  met the essential eligibility requirements of STATE and COUNTY programs to provide access to medical and mental health care services for its detainee/inmate patients in COUNTY jail.

38.    RENA NAULLS was escorted to Men's Central Jail by County of Los Angeles deputy sheriffs/custodial assistants DOES 5 through 10, these defendants, including, MARCHELLO and TOLMASOFF Sgt. SPEARS, SGT RIVERA, DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW knew or should have known that RENA NAULLS, an inmate with mental illness would be attacked beaten and subjected to risk of substantial injury if RENA NAULLS if housed outside of the Twin Towers as he was a mentally unstable inmate. Defendant DOES 1 through 10, MARCHELLO, and TOLMASOFF,  Sgt. SPEARS, SGT RIVERA,  DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW failed to supervise, monitor and protect RENA NAULLS at Men's Central Jail, where he should not have been housed due to his mental illness and special classification.

39.    Based on information and belief, Plaintiffs allege that, COUNTY OF LOS ANGELES and its employees, DOES 7 through 20 were assigned to monitor the video feeds from the cameras located inside Men's Central Jail housing Units, where RENA NAULLS was located, and NAULLS's suicide occurred.  COUNTY OF LOS ANGELES and its employees, DOES 1 through 10, negligently and with deliberate indifference failed to stop NAUULS from using the sharp blade against himself.

40.    Based on information and belief, Plaintiffs allege that, COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, MARCHELLO, TOLMASOFF,  Sgt. SPEARS, SGT RIVERA, DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW and DOES 1 through 10 had an obligation and duty to protect, RENA NAULLS, a mentally ill pre-trial detainee, based on the prior history known to the COUNTY OF LOS ANGELES and its employees, to house pre-trial detainees such as, RENA NAULLS in a separate mental health observation module for the mentally unstable inmates and/or to have such inmates segregated from general population and instead the mentally ill inmates are placed on high observation if moved to Men's Central Jail.

41.    Instead, the COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, and DOES 1 through 10, acted negligently and with deliberate indifference to the rights of RENA NAULLS and

others by allowing RENA NAULLS to be unattended with a sharp and dangerous object.  Additionally, the COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, and DOES 1 through 10 acted with deliberate indifference and negligently monitored the actions of RENA NAULLS on the video feeds to assure that NAULLS did not engage in prohibited conduct, including acts of violence, that may be detrimental to jail security or to the safety of other inmates and Detention Center staff.  The surveillance cameras located inside the rear-cell and the monitors located in Men's Central Jail were operational on February 2, 2025.

42.    The video recording of the front and rear-cells where Decedent was located shows the suspect inmates, Defendants, Gilbert Guevara Jr., Robert Berrios and Daniel M. Valenzuela, engaged in suspicious activity that should have triggered intervention by properly trained, supervised and diligent detention/corrections officers. During the entire time that the criminal acts occurred no correction officer separated or segregated Defendants, Gilbert Guevara Jr., Robert Berrios and Daniel M. Valenzuela, from RENA NAULLS until after the beating was over.

43.    COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, TOLMASOFF, MARCHELLO, Sgt. SPEARS, SGT RIVERA,  DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW and DOES 1 through 10 while acting

under the color of state law in their individual capacities, deprived Decedent RENA

NAULLS of the right to be free from an unreasonable ongoing seizure as a pre-trial

detainee in the Los Angeles County Jail, as secured by the Fourth and Fourteenth

Amendments, and deprived Decedent RENA NAULLS as a pre-trial detainee of the

rights, privileges, and immunities secured by the Fourteenth Amendment by

subjecting him, or through their deliberate indifference, allowing him to hurt himself,

to delay and deny access to medical or mental health care for a serious, but treatable,

medical or mental health condition, and by subjecting him, or through their reckless

disregard, allowing him to suffer serious bodily injury and death.

44.    The Defendant, COUNTY OF LOS ANGELES and its employees,

supervisory Command Staff failed to properly train the subordinate detention

officers, deputies, civilian employees, and DOES 1 through 10 regarding the

responsibilities associated with their respective employment positions and failed to

ensure that the subordinate correctional officers were properly performing their

duties.

45.    The Defendant, COUNTY OF LOS ANGELES and its employees,

supervisory Command Staff were responsible for the health and safety of Decedent

RENA NAULLS because he was in their custody, they had "stripped [him] of

virtually every means of self-protection and foreclosed [his] access to outside aid."

46.     The Defendant, COUNTY OF LOS ANGELES and its employees, supervisory Command Staff may not delegate the constitutional duties that they owed to Decedent RENA NAULLS to subordinate employees.

## DAMAGES

47.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Decedent RENA NAULLS, through his Successor in Interest, SHEILA STEWART, and Individually, and RENA NAULLS, Jr., sustained the following injuries and damages, past and future, including, but not limited to:

       a.      Wrongful death of RENA NAULLS;

       b.       Hospital and medical expenses;

       a.      Coroner's fees, funeral and burial expenses;

       d.      Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support;

       e.      Loss of economic support;

       f.      Violation of constitutional rights;

       g.      All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

       h.      RENA NAULLS's loss of life, pursuant to federal civil rights law;

i.      RENA NAULLS's conscious pain and suffering, pursuant to

federal civil rights law;

48.     The wrongful acts of the individually named defendants and DOE

defendants, excluding defendants COUNTY AND LASD, were willful, oppressive,

intentional, and malicious; therefore, punitive damages should be assessed against

defendants in an amount deemed sufficient to punish and deter defendants and others

in similar positions of authority from engaging in similar conduct in the future.

49.     Pursuant to 42 U.S.C. section 1988(b), Plaintiffs are entitled to recover

their reasonable attorneys' fees incurred herein.

## FIRST CLAIM FOR RELIEF

### FOURTEENTH AMENDMENT – UNUSUAL PUNISHMENT

**(42 USC §1983 Deliberate Indifference)**
**Wrongful Death & Survival Claims**
**(ALL PLAINTIFFS AGAINST MARCHELLO, TOLMASOFF, & DOES 1**
**through 10)**

50.     Plaintiffs reallege and incorporate by reference the allegations in

paragraphs 1 through 49 above as though fully set forth herein.

51.     Individual defendants,  MARCHELLO, TOLMASOFF and DOES 1

through 10 in their individual capacity, acting under the color of state law in their

individual capacities, deprived RENA NAULLS of his civil rights under the Fourth,

Fifth, Eighth and Fourteenth Amendments to the United States Constitution when

they subjected him to cruel and unusual punishment and acted with deliberate

indifference and reckless disregard toward DECEDENT's right to be free from unreasonable seizures, and afforded due process of law and by, among other things, the following acts:

     a.    Placing DECEDENT, a vulnerable mentally ill pretrial detainee, in general population housing within Men's Central Jail without supervision and mental health observation, without watching, monitoring, or protecting DECEDENT;

     b.    Failing to provide DECEDENT reasonable security, safe and appropriate housing, and monitoring to accommodate his own mental health condition and his vulnerability to sharp objects.

     c.    Causing DECEDENT to remain in the cell with a sharp and dangerous object, under circumstances which were conducive to the eruption of violence, when defendants knew, or should have known, that Decedent was a mentally ill inmate, defendants knew or should have known that Decedent was more likely than not to harm himself given his known past suicide history, and DECEDENT had already been classified and housed under a mentally ill classification.

     d.    Not observing or protecting DECEDENT, resulting in unnecessary and severe injury to DECEDENT.

     e.    Failing to properly assess, classify and house inmates based on their mental health status.

52.    The listed Defendants further knew or must have known that

DECEDENT was vulnerable to injury, and that if reasonable measures were not taken

to abate that risk, DECEDENT would suffer serious bodily injury or death.  When

booked and housed at Los Angeles Men's Central Jail,  Defendant mental health

providers, correctional officers and corrections staff and supervisors DOES 1 through

10, knew or should have known that RENA LYDEL NAULLS  was at risk of

substantial injury as he was identified as a mental health inmate with suicide ideation.

53.    Plaintiffs are informed and believe that LASD deputies/custody

assistants/civilian personnel DOES 1 through 10 were aware of the threat

DECEDENT would be exposed to without supervision or security while housed in

general population in Men's Central Jail, instead of TTCF. LASD deputies/custody

assistants/civilian personnel DOES 1 through 10 intentionally, recklessly and with

deliberate indifference, failed to take any security measures to protect vulnerable

inmates, such as NAULLS, from violence.

54.    The above acts and omissions, while carried out under color of law, have

no justification or excuse in law, and instead constituted a gross abuse of

governmental authority and power, shock the conscience, are fundamentally unfair,

arbitrary and oppressive, and unrelated to any activity in which governmental officers

may appropriately and legally undertake in the course of protecting persons or

property, or ensuring civil order. The above acts and omissions were consciously

chosen from among various alternatives.

55.    The listed Defendants' failure to intervene, prevent, or stop the constitutional violations by others, of which each listed Defendant knew or must have known, and when each listed Defendant was in a position to intervene when such violations were occurring, also renders such Defendant(s) liable for these violations.

56.    All Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs and Decedent of the rights described herein, knowingly, maliciously, and with deliberate indifference and conscious and reckless disregard for whether the rights and safety of Plaintiffs (Individually and on behalf of RENA NAULLS) and others would be violated by their acts and/or omissions.

57.    As a proximate result of the foregoing wrongful acts and/or omissions, Plaintiffs sustained injuries and damages, as set forth above. Plaintiffs are therefore entitled to general and compensatory damages in an amount to be proven at trial.

58.    In committing the acts alleged above, the individually named Defendants and DOE Defendants acted maliciously, oppressively, and/or with reckless disregard for the rights, safety, and well-being of Plaintiffs and Decedent, and by reason thereof, Plaintiffs are entitled to punitive damages and penalties allowable under 42 U.S.C. § 1983, California Code of Civil Procedure §§ 377.20 et seq, and other state and federal law against these individual Defendants; no punitive damages are sought directly against the municipal Defendants.

59.    The ESTATE OF RENA NAULLS claims damages as a survivor action and claims as damages the loss of his right to life and of the physical injuries, pain and emotional anguish and trauma he suffered prior to his death.

60.    As a result of these individual Defendants' actions and/or inactions and deliberate indifference to the serious mental/medical health conditions and constitutional rights of Decedent, Plaintiffs suffered loss of society, comfort, companionship, solace, love, affection, services of Decedent, their son and father, incurred burial and funeral expenses, and suffered and continue to suffer these damages.

61.    Plaintiffs are also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

## SECOND CLAIM FOR RELIEF

### FOURTEENTH AMENDMENT – FAILURE TO PROTECT

**Wrongful Death & Survival Claims**
**(Pursuant to 42 U.S.C. § 1983)**
**(ALL PLAINTIFFS AGAINST DEFENDANTS MARCHELLO,**
**TOLMASOFF, and DOES 1 through 10)**

62.    Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 60 above as though fully set forth herein.

63.    At all times relevant here, the individual defendants, MARCHELLO, TOLMASOFF and DOE defendants 1 through 10 were present and were charged with the constitutional duties of protecting DECEDENT and were charged with the

duty to not knowingly, with wanton disregard, cause his life, health and safety to be placed in danger by intentionally and/or deliberately ignoring the known dangers to DECEDENT that their actions and/or omissions placed him in.

64.     Each defendant had ample and reasonably sufficient time and opportunity to so intervene and prevent DECEDENT's injuries and was compelled to do so as a Sheriff's deputy or authorized civilian County employee under the laws of the State of California and under the Constitution of the United States of America. In deliberate indifference to the life and welfare of DECEDENT, each said Defendant intentionally and with deliberate indifference to the civil rights of DECEDENT, refrained from intervening in the acts leading to DECEDENT's injuries.

65.     As a result thereof, DECEDENT's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated. As a further result thereof, DECEDENT sustained the injuries and damages alleged herein, including injury, trauma, physical pain, and a horrific death.

66.     The conduct of the individual defendants, MARCHELLO, TOLMASOFF and DOES 1 through 10 was intentional, malicious, willful, wanton and in reckless disregard of DECEDENT's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on the individual Defendants.

67.     Defendants' designation and placement of RENA NAULLS in general population in Men's Central Jail without a mentally ill inmate classification and without supervision placed RENA NAULLS at substantial risk of suffering death or serious injury and harm.

68.     Defendants MARCHELLO, TOLMASOFF and DOES 1 through 20 failed to reasonably institute measures to abate the risks to RENA NAULLS even though those risks of serious injury and harm were high and well known and thus Defendants' conduct was negligent and objectively unreasonable.

69.     The Defendants acted with reckless disregard for the safety of inmates, including Decedent, when they provided NAULLS with a dangerous and sharp object and failed to prevent NAULLS from using it against himself.

70.     The Defendants acted with reckless disregard to the safety of inmates when they did not properly segregate or supervise Decedent while he was in Men's Central Jail. The Defendants failed to monitor the live video surveillance showing suspicious activity that should have triggered intervention by properly trained, supervised and diligent corrections officers, and failed to stop the NAULLS' death before it began.

71.     The Defendants acted with reckless disregard and did not follow standard procedure when Decedent was moved from Twin Towers to Men's Central Jail.

# **THIRD CLAIM FOR RELIEF**

## **Municipal Liability for Unconstitutional Custom or Policy**

### **(42 USC §1983)**
### **(BY ALL PLAINTIFFS AGAINST**
### **DEFENDANT COUNTY OF LOS ANGELES)**

72.    Plaintiffs reallege and incorporate by reference in paragraphs 1 through 71 above as though fully set forth herein.

73.    Defendant COUNTY OF LOS ANGELES failed to take action to protect decedent from injury by failing to make system-wide reforms to protect all inmates, including Plaintiff from harm caused by negligent processing.

74.    The events that led to decedent's death are similar to other suicides amongst LASD inmates in the recent past of which defendant COUNTY OF LOS ANGELES was aware or should have been aware.

75.    Moreover, defendant COUNTY OF LOS ANGELES had a duty to take action to protect inmates from harm, including Plaintiff NAULLS.

76.    Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, defendants COUNTY OF LOS ANGELES and LASD, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of plaintiffs, maintained, allowed, encouraged, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices, and customs:

a. failing to adequately train, supervise, and control custodians of jail inmates in the proper recognition of suicidal inmates and violent situations;

b. failing to adequately train, supervise, and instruct custodians of jail inmates in properly monitoring, deterring, controlling and responding to inmate suicides and violence;

c. failing to use appropriate and generally accepted law enforcement procedures in handling emotionally disturbed and/or medically disabled persons;

d. failing to establish policies and procedures that enable prompt identification and separation of severely emotionally disturbed and/or medically disabled persons, dangerous or violent inmates and placing them under mental health observation;

e. failing to adequately train, supervise, and control custodians of jail inmates in the proper response to threats of violence and/or actual violence;

f. failing to maintain adequate surveillance at Men's Central Jail cells, to ensure safety of the pretrial detainees and other inmates being held there, especially those that are so mentally unstable that they are unable to care for themselves and present a danger to themselves or others;

g. failing to establish policies and procedures to reduce the risk of inmate injury by providing for immediate response to inmate violence or threats of violence;

h. failing to use appropriate and generally accepted law enforcement procedures in handling persons experiencing medical emergencies;

i.   To cover-up violations of constitutional rights by any or all of the following:

    i.   by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of emotionally disturbed persons;

    ii.   by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

    iii.   by allowing, tolerating, and/or encouraging Sheriff Deputies to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

j.   To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

k.   To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.

77.   Defendant COUNTY OF LOS ANGELES, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants Sheriff Deputies DOES 1 through 20, and other LASD personnel, with deliberate

indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

78.     The unconstitutional actions and/or omissions of Defendants Sheriff Deputies DOES 1 through 20 and other LASD personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the LASD. Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within COUNTY OF LOS ANGELES and the LASD, and that such policy makers have direct knowledge of the fact that the RENA NAULLS's death should have been prevented.  Notwithstanding this knowledge, the authorized policy makers within COUNTY OF LOS ANGELES and the LASD have approved of Defendants Sheriff Deputies DOES 1 through 20 failure to prevent the death of RENA NAULLS, and have made a deliberate choice to endorse Defendants failure to prevent the death of RENA NAULLS.  By so doing, the authorized policy makers within COUNTY OF LOS ANGELES and the LASD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

79.     Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

80.    As a direct and proximate result of the foregoing, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as more specifically stated above.

## FOURTH CLAIM FOR RELIEF

### FAILURE TO TRAIN AND SUPERVISE (42 U.S.C. § 1983)

### Wrongful Death & Survival Claims

### BY PLAINTIFFS AGAINST DEFENDANTS MARCHELLO, TOLMASOFF, AND DOES 5 Through 10.

81.    Plaintiffs reallege and incorporate by reference in paragraphs 1 through 80 above as though fully set forth herein.

82.    At all times mentioned herein and prior thereto, defendants MARCHELLO, TOLMASOFF and DOES 5 through 10, as supervisors of the custody division had a duty to train, instruct, supervise and discipline their subordinates to assure they respected and did not violate constitutional and statutory rights of inmates, and to objectively investigate violations of said prisoners' rights, including, but not limited to, the right to be free of infliction of cruel and unusual punishment by torture and the right to be safe and protected from injury while in defendants' custody, under the Fourth, Eighth and Fourteen Amendments to the U.S. Constitution.

83.    Plaintiffs are informed and believe, and thereupon allege, that prior to the incident alleged herein, defendants MARCHELLO, TOLMASOFF and certain

DOES 11 through 20, facilitated, permitted, ratified and condoned similar acts of inmate self-harm, and were deliberately indifferent to the health and safety of inmates in general and DECEDENT in particular. Said defendants knew, or reasonably should have known, of this practice, pattern or policy of constitutional violations, and additionally, of the existence of facts and situations which created the potential of unconstitutional acts, and had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to other persons, but failed to do so.

84.     As a result thereof, DECEDENT's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated. As a further result thereof, DECEDENT suffered the injuries and damages alleged herein.

85.     The conduct of the individual defendants mentioned herein, in their individual capacities, was intentional, malicious, willful, wanton and in reckless disregard of DECEDENT's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on these Defendants in their individual capacity.

### FIFTH CAUSE OF ACTION

**DENIAL OF SUBSTANTIVE DUE PROCESS**
**RIGHT TO FAMILIAL RELATIONSHIP**
**(42 U.S.C. § 1983)**
**Wrongful Death & Survival Claims**

**BY PLAINTIFFS AGAINST MARCHELLO, TOLMASOFF, Sgt. SPEARS,**
**SGT RIVERA,  DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT**

**JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW & DOES 1 THROUGH 10**

86.     Plaintiffs reallege and incorporate by reference in paragraphs 1 through 83 above as though fully set forth herein.

87.     Plaintiff, SHEILA STEWART, asserts claims individually and as successor in interest; and Plaintiff RENA NAULLS, Jr., Decedent's biological son, assert wrongful death claims individually under California Code of Civil Procedure section 377.60, et seq and reallege each and every paragraph in this Complaint as if fully set forth herein.

88.     All of the acts of Defendants MARCHELLO, TOLMASOFF Sgt. SPEARS, SGT RIVERA,  DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW & DOES 1 THROUGH 10 and the persons involved were done under color of state law.

89.     The acts and omissions of each Defendants MARCHELLO, TOLMASOFF, Sgt. SPEARS, SGT RIVERA,  DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW & DOES 1 THROUGH 20 deprived SHEILA STEWART, and RENA NAULLS, Jr. and Decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to the Fourteenth Amendment by, among

other things, depriving Plaintiffs of their right to a familial relationship with their family members without due process of law by their deliberate indifference.

90.    The Defendants, MARCHELLO, TOLMASOFF Sgt. SPEARS, SGT RIVERA,  DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW & DOES 1 THROUGH 10 and the other involved agents and employees acted pursuant to expressly adopted official policies or longstanding practices or customs of COUNTY OF LOS ANGELES. These include policies and longstanding practices or customs of failing to provide persons in pretrial custody who are mentally ill access to appropriate housing as stated above and incorporated herein.

91.    In addition, the training policies of COUNTY OF LOS ANGELES  were not adequate to train its deputies, agents and employees to handle the usual and recurring situations with which they must deal with, including but not limited to encounters with individuals in pretrial custody with mental illness. These defendants and each of them knew that its failure to adequately train its deputies, agents and employees to interact with individuals suffering  from mental illness and/or withdrawing from drug addiction made it highly predictable that its deputies, agents and employees would engage in conduct that would deprive persons such as Plaintiffs, of their rights. These Defendants were thus deliberately indifferent to the obvious consequences of their failure to train their deputies, agents and employees adequately.

92.    Defendants' failure to protect decedent and COUNTY OF LOS ANGELES's official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Plaintiffs each individual Defendant's official policies and/or longstanding practices or customs are so closely related to RENA NAULLS' injuries and death and thus the deprivation of the rights of Plaintiffs, as to be the moving force causing those injuries.

93.    As a direct and proximate result of the foregoing wrongful acts, Defendants, and each of them, Plaintiffs sustained general damages, including grief, emotional distress and pain and suffering, loss of comfort and society, in an amount in accordance with proof.

**(VIOLATION OF TITLE II - ADA, REHABILITATION ACT)**
**(42 U.S.C. § 12132 &29 U.S.C. § 794)**

**BY PLAINTIFFS AGAINST COUNTY OF LOS ANGELES**

94.    Plaintiffs re-allege and incorporate by reference the allegations contained in this complaint, as though fully set forth herein.

95.    At all material times DECEDENT NAULLS was a "qualified individual" with a mental illness and disability and medical impairments that limited and/or substantially limited his ability to care for himself and control his mental, medical, or physical health condition as defined under the ADA, 42 U.S.C. § 12131 (2), and under Section 504 of the Rehabilitation Act ("RA") of 1973, 29 U.S.C. § 794, 28 C.F.R. 42.540 (k); as such, DECEDENT qualified as an individual with a mental and physical

disability under California law and DECEDENT met the essential eligibility requirements of LA County programs to provide access to medical and mental health care services for its inmate patients in LA County jails while they are in custody.

96.     Men's Central Jail and LA County's jail and mental health services are places of public accommodation and are covered entities for purposes of enforcement of the ADA, 42 U.S.C. §12181 (7)(F), and the Rehabilitation Act, 29 U.S.C. § 794, as explicated by the regulations promulgated under each of these laws. Further, on information and belief, Men's Central Jail and LA County's jail receive federal assistance and funds.

97.     LA County and Men's Central Jail are state, local government, and/or department or agencies thereof, both fall within the definition of "program or activity" covered by the Rehabilitation Act, 29 U.S.C. Section 794(b).  LA County and Men's Central Jail are also within the mandate of the RA that no person with a disability may be "excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity." 29 U.S.C. § 794.

98.     Defendants are mandated to "develop an effective, integrated, comprehensive system for the delivery of all services to persons with mental disabilities and developmental disabilities…"  and to ensure "that the personal and civil rights" of persons who are receiving services under its aegis are protected.

99.     Congress enacted the ADA upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such

forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. § 12101 (a)(2).

100.   Defendants are mandated under the ADA not to discriminate against any qualified individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182 (a).

101.   The ADA, 42 U.S.C. § 12182(b)(1)(A)(iii), provides in pertinent part that: "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals." Id. (emphasis added).

102.   Defendants violated the ADA, RA, and discriminated against DECEDENT NAULLS and Plaintiffs, violating their ADA, RA, and state protected rights by: (a) creating and maintaining a number of programs and services to protect the mentally disabled that operate in conjunction with designated mental health facilities such as LA County Programs and facilities for persons who qualify under Penal Code § 1370 (a)(2) or Welfare and Institutions Code 5150; and (b) Defendants failed to provide services or to accommodate DECEDENT with access to the programs and services of CDCR or LA County designated mental health programs and facilities for persons who qualify for access and services under Penal Code § 1370 (a)(2) or

Welfare and Institutions Code 5150; (c) Defendants failed to provide services or accommodate DECEDENT as indicated and with appropriate classification and monitoring for a person in their sole and exclusive custody who they knew was mentally disabled and at risk of imjury and self-harm, (d) Defendants failed to provide reasonable accommodations to people in custody with mental disabilities at their hospitals, clinics, and jails and, instead, providing a quality of care and service that is different, separate, inferior, and worse than the service provided to other individuals with the same disabilities; (e) Defendants deprived DECEDENT, a qualified individual with a disability, the opportunity to participate in or benefit from the aid, benefit, or services of LA County and Men's Central Jail, in violation of 28 C.F.R. § 35.130(b)(1)(i); (f) by reason of Decedent's mental disabilities, Defendants did not afford him an opportunity to participate in or benefit from the aid, benefits, and services that are equal to those afforded to other, non-disabled individuals by Defendants, in violation of 28 C.F.R. § 35.130(b)(1)(ii); (g) on the basis of DECEDENT'S disability, LA County and Men's Central Jail Defendants failed to provide him an aid, benefit, or service that was as effective in affording equal opportunity to obtain the same result, to gain the same benefit, and to reach the same level of achievement as provided to other individuals in the same situation, in violation of 28 C.F.R. §35.130(b)(1)(iii); (g) the Defendants limited DECEDENT, a qualified individual with a disability, in the enjoyment of rights, privileges, advantages, or opportunities enjoyed by others receiving the aid, benefit, or service of which

DECEDENT was denied, in violation of 28 C.F.R. §35.130(b)(1)(vii).  Further, by refusing or obstructing Decedent's admission to special programs, Defendants deprived him of the necessary treatment and benefits for his serious medical needs.

103.   DECEDENT was denied the benefits of the services, programs, and activities of LA County and Men's Central Jail, and was denied accommodation for his disabilities, which deprived him of safety, necessary care, and mental health and medical health programs and services, which would have provided planning and delivery of treatment, follow-up, and supervision.  This denial of accommodation, programs, and services was the result of his disability in that he was discriminated against because he was mentally ill, at risk of injury and self-harm, and gravely disabled, in that he suffered from conditions in which a person, as a result of a mental disorder, is unable to provide for his basic personal needs for food, clothing, or shelter and is unable to advocate for himself; and, RENA NAULLS had mental impairments that substantially limited one or more of his major life activities.

104.   As a result of the acts and misconduct of the Defendants complained of herein, DECEDENT died, and Plaintiffs have suffered, are now suffering, and will continue to suffer damages and injuries as alleged above.  Plaintiffs have suffered loss of love and society and claim damages for the wrongful death of their son and father in an amount not yet ascertained, but to be proven. Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorneys' fees as set forth in the ADA and RA above.

1
2
3
4

**SEVENTH CAUSE OF ACTION**

**(VIOLATION OF CALIFORNIA GOVERNMENT CODE § 845.6)**

5
6
7
8

**BY PLAINTIFFS AGAINST DEFENDANTS MARCHELLO, TOLMASOFF, Sgt. SPEARS, SGT RIVERA,  DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW AND DOES 1 Through 10.**

9
10
11

105.   Plaintiffs re-allege and incorporate by reference the allegations contained in this complaint, as though fully set forth herein.

12
13
14
15

106.   Pursuant to California Government Code §§ 844.6 and 845.6, these Defendants had a duty to monitor, check and respond to the persons under their custody, supervision and control.

16
17
18
19
20
21
22
23
24
25
26
27
28

107.   Defendants MARCHELLO, TOLMASOFF and DOES 1 through 20 knew or had reason to know that RENA NAULLS was in need of immediate and a higher level of medical care after suffering an injury to his neck. Defendants failed to take reasonable action to summon and/or to provide him access to such medical care and treatment for him under such circumstances. Each such individual Defendant, employed by and acting within the course and scope of his or her employment with Los Angeles County knowing and/or having reasons to know this, failed to take reasonable action to summon and/or provide DECEDENT NAULLS access to such care, treatment, and medically appropriate housing in violation of California Government Code § 845.6.

108.   As a proximate cause of the aforementioned acts and omissions of defendants under Government Code sections 845.6 and 815.2, Plaintiffs were injured as set forth above and are entitled to all damages allowable under California law. Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorneys' fees as set forth above.

## EIGHTH CLAIM FOR RELIEF

### NEGLIGENCE

### Wrongful Death & Survival Claims

**PLAINTIFFS AGAINST DEFENDANTS COUNTY OF LOS ANGELES and its employees, MARCHELLO, TOLMASOFF,  Sgt. SPEARS, SGT RIVERA,  DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW & DOES 1 through 10)**

109.   Plaintiffs reallege and incorporate by reference in paragraphs 1 through 109 above as though fully set forth herein.

110.   Plaintiff's Estate and survivor claim damages for the pain and suffering and emotional distress unlawfully caused RENA NAULLS during the events in question until the time of his death and for Plaintiff's loss of their father.

111.   Plaintiff's Estate claims damages for the loss of enjoyment of life.

112.   Decedent's federal claims in life survive his death.

113.   Decedent's state law negligence claims also survive his death.

114.   At all material times, Defendants COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, MARCHELLO,

TOLMASOFF, Sgt. SPEARS, SGT RIVERA,  DEPUTY MIILAN, DEPUTY

MONTOYA, MARGOT JIMENEZ GARCIA, OLUWAKEMI B. OLUWADARA,

M.D., VANESSA ESCALANTE MEJIA, LCSW, SARAH BENAGE LCSW and

DOES 1 through 20 owed decedent, the duty to act with due care in the execution and

enforcement of any right, law, or legal obligation.

115.   Defendants took custody of RENA NAULLS upon his booking into the

Los Angeles County Jail pending adjudication of his criminal charges.

116.   Decedent was a pre-trial detainee and had therefore lost his liberty at the

time Defendants asserted custody and control over him.

117.   COUNTY OF LOS ANGELES and its employees, LOS ANGELES

COUNTY SHERIFF employees, MARCHELLO, TOLMASOFF, Sgt. SPEARS,

SGT RIVERA,  DEPUTY MIILAN, DEPUTY MONTOYA, MARGOT JIMENEZ

GARCIA, OLUWAKEMI B. OLUWADARA, M.D., VANESSA ESCALANTE

MEJIA, LCSW, SARAH BENAGE LCSW and DOES 1 through 20 within the

course and scope of such agency, service and/or employment, and under color of

authority, were negligent in regards to DECEDENT's medical care, health, safety and

welfare, and breached that duty of care, as custody officers amd medical

professionals.

118.   At all material times, each Defendant owed Decedent the duty to act

with reasonable care.

119.   These general duties of reasonable care and due care owed to Decedent by all Defendants include, but are not limited, to the following specific obligations:

a.  As a pre-trial detainee, to provide safe and appropriate jail custody and medical care for RENA NAULLS, including reasonable classification, monitoring, and housing, treatment and care, including placing him in an adequately monitored cell, and including taking appropriate measures to adequately house, classify, and supervise inmates, particularly when the custody facility is overcrowded;

b.  To obey Court Orders pursuant to *Rutherford v. Baca*, et al., CV 75-4111-DDP for the care and safety of inmates, such as RENA NAULLS;

c.  To summon necessary and appropriate medical care for inmates, including RENA NAULLS;

d.  To use generally accepted law enforcement and jail procedures that are reasonable and appropriate for Plaintiffs' status who was a mentally ill and/or emotionally disturbed person;

e.  To refrain from abusing their authority granted to them by law; and,

f.  To refrain from violating Plaintiffs' and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

g.  To abide by prior settlement agreements as entered into between COUNTY and various governmental entities, including the settlement agreement entered into on or about August 2015 between the United States of America, acting through the United States Department of Justice, the COUNTY, and Sheriff VILLANUEVA, which provide for certain actions, precautions, and/or policies and procedures to be undertaken by the COUNTY, LASD, and/or each of the Defendants, in order to ensure that the Los Angeles County jails address the serious

medical and mental health needs of the prisoners and ensure their reasonable safety.

120.  By the acts and omissions set forth more fully in the paragraphs above, Defendants acted negligently and breached their duty of due care owed to RENA NAULLS, which foreseeably resulted in the suffering of damages by RENA NAULLS and Plaintiffs of the loss of their father.

121.  Defendants, through their acts and omissions, breached the aforementioned duties owed to RENA NAULLS and Plaintiffs.

122.  Defendant COUNTY is vicariously liable pursuant to California Government Code section 815.2.

123.  As a result, RENA NAULLS was injured and eventually succumbed to his injuries sustained while in custody at Men's Central Jail, to his damages as alleged herein.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them, as follows:

AS TO THE FIRST, SECOND,  FOURTH AND SEVENTH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;

2. For Special damages according to proof;

3. For Exemplary damages as provided by law, in an amount to be proved against each individual Defendant;

4. For Attorney's Fees pursuant to 42 U.S.C § 1988

5. For Costs of suit;

6. For such other and further relief as the Court may deem proper.

AS TO THE THIRD AND SIXTH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;

2. For Special damages according to proof;

3. For Attorney's Fees pursuant to 42 U.S.C § 1988 as to Third Claim

4. For Costs of suit;

5. For such other and further relief as the Court may deem proper.

DATED: November 24, 2025          **CURD, GALINDO & SMITH, LLP**

_/s/ Alexis Galindo_
Alexis Galindo
Maximiliano Galindo
Attorneys for Plaintiffs

### **JURY DEMAND**

Plaintiffs hereby request a trial by jury.

DATED: November 24, 2025     **CURD, GALINDO & SMITH, LLP**

_/s/ Alexis Galindo_
Alexis Galindo
Maximiliano Galindo
Attorneys for Plaintiffs

# Exhibit A



ALEXIS GALINDO (SBN 136643)
 Email: agalindo@cgsattys.com
MAXIMILIANO GALINDO (SBN 328187)
 Email: mgalindo@cgsattys.com
CURD GALINDO & SMITH LLP
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone:  (562) 624-1177
Facsimile:    (562) 624-1178
www.cgsattys.com

ATTORNEYS FOR PLAINTIFFS:

SHEILA STEWART , Individually and as Successor in Interest for decedent,
RENA LYDELL NAULLS.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SHEILA STEWART , Individually and as Successor in Interest for decedent, RENA LYDELL NAULLS.

            Plaintiff,

vs.

COUNTY OF LOS ANGELES,
1 through 10.

            Defendants

Case No.:

**CCP § 377.32 STATEMENT**

Pursuant to CCP § 377.32, SHEILA STEWART, decedent's mother declares under penalty of perjury the following:

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

1.    The decedent's name is RENA LYDELL NAULLS .

2.    The date and place of the decedent's death:  February 2, 2025, LASD Men's Central Jail 441 Bauchet St., Los Angeles, California 90012.

3.    No proceeding is now pending in California for administration of the decedent's estate.

4.    The declarant is decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding.

5.    The declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding.

6.    No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

The declarant declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: 11/24/25



**Sheila Stewart**

Submitted by:

**CURD, GALINDO & SMITH, LLP**

DATED: 11/24/25

ALEXIS GALINDO
Attorneys for Plaintiffs

2



# COUNTY OF LOS ANGELES
# DEPARTMENT OF MEDICAL EXAMINER

1104 N. MISSION RD, LOS ANGELES, CALIFORNIA 90033

"Enriching Lives"



Odey C. Ukpo, M.D., M.S.
Chief Medical Examiner

## 19

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
IN THE MATTER OF THE DEATH OF

CC#2025-02212

NAULLS, RENA LYDELL

The Medical Examiner of the County of Los Angeles Certifies:

That on the 4th day of February, 2025, in accordance with the law, he inquired into the circumstances surrounding the death of the above-mentioned person, caused an examination and identification to be made of the body and found that the deceased was named:

**NAULLS, RENA LYDELL**

A MALE, AGE ABOUT 40 YEARS; THAT HE CAME TO HIS DEATH ON THE 2nd DAY OF FEBRUARY, 2025 AT:

JAIL

MEN'S CENTRAL JAIL

441 BAUCHET STREET

LOS ANGELES, CALIFORNIA 90012

LOS ANGELES COUNTY, CALIFORNIA; AND THAT WAS CAUSED BY:

SHARP FORCE INJURIES OF NECK

MODE: SUICIDE

Given under my hand this 2nd of April 2025

By:     Bocanegra, Guadalupe

Deputy Medical Examiner, Please Print

Signature, Please Sign

This is a true certified copy of the record if it bears the seal of the Department of Medical Examiner imprinted in purple ink.

CHIEF MEDICAL EXAMINER
DEPARTMENT OF MEDICAL EXAMINER
LOS ANGELES COUNTY, CALIFORNIA